IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02304-REB-MJW

KALI JEMMA BAKER,

Plaintiff,

v.

RYAN O'HAYRE, in his individual capacity,

Defendant.

PROTECTIVE ORDER (Docket No. 22-1)

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the Court hereby Orders as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a document within the meaning of this term.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, medical, mental health or other information implicating privacy interests or proprietary interests of either the

Plaintiff or the Defendant may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the parties and designated representatives of the Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) and other persons by agreement of the parties.

5. No Confidential Material shall be disclosed to anyone other than the named parties in this litigation or their counsel until said person agrees to respect to the confidentiality

of such information. Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and acknowledge that he or she has read this Protective Order and agreed to be bound by its provisions.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion [consistent with D.C.COLO.LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the

4

*[handwritten initials] MJW 11-8-12*

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of this case.

13. The parties agree to confer prior to the filing of Confidential materials to determine what level of restrictedness the confidential materials should be filed under, if any. If the parties cannot agree, the Confidential materials shall be filed Level I Restricted and the party seeking to maintain the confidentiality of the documents shall within fourteen (14) days file a motion seeking to have the Court permanently restrict the Confidential materials. In connection with any motion filed under this provision, the party seeking to maintain the Confidentiality of these documents shall bear the burden of establishing that good cause exists for the disputed information to remain restricted. The parties shall comply with D.C.COLO.LCivR 7.2 will seeking Restricted Access to materials Filed with This Court.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to

5

contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Dated this 8TH day of November, 2012.

BY THE COURT:

*/s/ Michael J. Watanabe*
Michael J. Watanabe
United States Magistrate Judge